UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HENRY O. JOHNSON, Jr., | ) 3:15CV0696 |
| | ) |
| Petitioner | ) JUDGE JACK ZOUHARY |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| JOHN COLEMAN, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND |
| | ) <u>RECOMMENDATION</u> |

McHARGH, MAG. J.

A petition for a writ of habeas corpus has been filed by Henry O. Johnson, Jr. ("Johnson"), arising out of Johnson's 2010 conviction, based on a plea of no contest, for aggravated robbery, felonious assault, and attempted murder, in the Lucas County (Ohio) Court of Common Pleas. In the petition, four grounds for relief are raised, verbatim:

> 1. Ineffective assistance of trial & appeal counsel.  App.R.26(b).
> Motion to withdraw no contest plea.  Evidence Rule, D.N.A.
>
> 2. Ineffective assistance of trial & appeal counsel.
>
> 3. 26(b).  Motion to withdraw no contest plea.  Ineffective assistance of trial & appeal counsel.
>
> 4. 26(b).  Ineffective assistance of trial & appeal counsel. Motion to withdraw no contest plea.  (3) years for firearm spec. 1 year for allied offense.  Judicial release.

1

(Doc. 1, § 12.) Other than the above, there are no "supporting facts" for any of the grounds of the petition. The section of the petition requesting specific relief is blank. (Doc. 1, at [15].)

The respondent has filed a motion to consolidate, and a motion to dismiss the petition. (Doc. 4.) Almost two months have passed since the motion was filed on June 22, 2015, and no response has been filed with the court. The motion to dismiss the petition should be granted.

Johnson had earlier filed an almost identical petition for a writ of habeas corpus, on July 30, 2014. *Johnson v. Sheldon*, No. 3:14CV1675 (N.D. Ohio filed July 30, 2014) ("Case 1675"). On June 11, 2015, the court granted respondent's motion to dismiss on the basis that the petition as filed failed to meet the requirements of Habeas Rule 2(c)(2), (3), and (5). *Johnson v. Sheldon*, No. 3:14CV1675 (N.D. Ohio slip op. June 11, 2015).

While the motion to dismiss was pending in Case 1675, Johnson filed the instant petition, apparently challenging the same conviction. (Doc. 1.) Johnson did not file a response to the motion to dismiss in Case 1675, nor did he file a motion to amend his petition in that case. This petition was filed, and a separate filing fee paid, on April 8, 2015. (Doc. 1.) While Johnson signed the instant petition, the same defects remain in this second petition as to Rule 2(c)(2) and (3) (lacking supporting facts of the grounds, and the blank for "relief sought").

MOTION TO CONSOLIDATE

The respondent's "motion to consolidate" urges the court to view this petition as a motion to amend the petition in Case 1675, to grant the "motion" to amend, and to consolidate both cases.[1]  (Doc. 4, at 8-9.)  However, as noted above, that petition (1675) has already been dismissed.  The motion to consolidate should be denied as moot.

MOTION TO DISMISS

The respondent requests dismissal because Habeas Rule 2(c) requires that the petition specify the facts supporting each constitutional ground, and the petition here offers no factual support whatsoever.  (Doc. 4, at 9-10.)

Rule 2(c) provides that the habeas petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of Rules Governing Habeas Corpus Cases.  As stated earlier, the petition here fails to meet the requirements of Rule 2(c)(2) and (3), because the petition fails

---

[1] The respondent cites *Gregley v. Bradshaw*, No. 1:14CV0971 (N.D. Ohio Mar. 19, 2015), in support.  However, in *Gregley*, both habeas petitions were still pending before the court.  Here, the first petition has already been dismissed.

to specify the facts supporting each constitutional ground, and fails to state the relief requested.

"Notice" pleading is insufficient in the habeas context, as the petitioner is expected to state facts that point to a real possibility of constitutional error. *Blackledge v. Allison,* 431 U.S. 63, 75 n.7 (1977); *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). The respondent argues dismissal is justified because the grounds as presented in the petition are insufficient to adequately allege a federal constitutional violation. Merely using talismanic constitutional phrases such as "ineffective assistance of counsel" does not constitute raising a constitutional issue. Although Johnson asserts ineffectiveness in several grounds, there is absolutely no indication in the petition of the factual basis of such a claim. Any response by the warden would be speculative, and the court would have no way to assess the claims.

More than eight weeks have passed since the motion to dismiss was filed on June 22, 2015, and Johnson has failed to take the opportunity to conform his petition to the requirements of Rule 2(c) of Rules Governing Habeas Corpus Cases. In addition, Johnson was first alerted to the deficiencies of his claims, as presented, in the Feb. 6, 2015 motion in the 1675 case. Although this current petition is signed, whereas the petition in the 1675 case was not, he has not cured the other deficiencies in the petition, which remain.

In addition, the respondent points out that, even if Johnson had properly pleaded his constitutional claims, the petition was untimely filed, and would be dismissed on that basis. (Doc. 4, at 13.) That argument appears to have merit, but

without any further indication of precisely what claims Johnson is pressing, the court is unable to address a timeliness argument.

The motion to dismiss should be granted.

## SUMMARY

The motion to consolidate (doc. 4) should be denied as moot. The motion to dismiss (doc. 4) filed by the respondent should be GRANTED. The petition as filed fails to meet the requirements of Habeas Rule 2(c)(2) and (3).

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be dismissed.

Dated: Aug. 20, 2015

/s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).